UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**ROBERT GILES and BRENDA GILES, his wife,**

    Plaintiffs,

vs.    Case Number: 1:22-cv-00007

**UNITED STATES OF AMERICA,**

    Defendant.

_____/

## COMPLAINT

The Plaintiffs, ROBERT GILES and BRENDA GILES, his wife, sue the Defendant, UNITED STATES OF AMERICA (hereinafter "U.S.A."), and allege:

1. This is an action for damages in excess of Seventy-Five ($75,000.00), exclusive of interest and costs.

2. Plaintiff, ROBERT GILES is a Veteran of the United States Armed Forces and, at all times material, received medical care and treatment from the Veterans Administration at its location in Gainesville, Alachua County, Florida.

3. At all times material, ROBERT GILES was married to and resided with his wife, BRENDA GILES.

4. This Court has jurisdiction under the Federal Tort Claims Act and the provisions of 28 U.S.C. §1346(b).

5. Pursuant to 28 U.S.C. § 1346(b), the United States, if a private person would be liable to the Plaintiff for any breach of duty consistent with the laws of Florida, and in particular, §766.102, *Florida Statutes,* which determines the standards for medical negligence in the state. Plaintiff has conducted a reasonable investigation which has given rise to a good faith belief that grounds exist for an action against this Defendant in compliance with §766, *Florida Statutes,* which governs medical negligence in the State.

6. Pursuant to the provisions of 28 U.S.C. §2675, on or about August 13, 2019, the Plaintiffs provided written notice to the Defendant, U.S.A., of their claims for money damages, attached herein as Exhibit "A".

7. The Plaintiffs subsequently received a denial of claims from the VA on July 29, 2021. The denial is attached hereto and incorporated herein as Exhibit "B".

8. Accordingly, under 28 U.S.C. §2675(a), all conditions precedent to filing suit have been either waived or performed.

9. Plaintiff, ROBERT GILES incurred an aggravation of a cervical spine injury when he slipped off a truck and fell on his back in approximately 2017.

10. Plaintiff experienced ongoing pain and in October 2018, sought treatment from his VA primary care provider who ordered a neck x-ray and EMG. The x-ray revealed 3.5 mm of posterior subluxation of the C3 vertebra on C4, with likely fusion across the C5-C6 disk space with severe disc space narrowing observed at C3-C4 and C6-C7.

11. The EMG study was noted to be abnormal and showed electrophysiological evidence of a right ulnar neuropathy. A CT scan was recommended followed by a neurosurgical consultation.

12. The CT scan performed on February 5, 2019, showed a board-based disc osteophyte with facet arthropathy at C3-C4 in addition to retrolisthesis, and canal stenosis and severe left foraminal narrowing.

13. On April 2, 2019, Plaintiff ROBERT GILES (hereinafter Plaintiff GILES) saw Dr. Brandon Lucke-Wold and Dr. Raymond Jacob who recommended cervical fusion surgery.

14. On May 1, 2019, at 9:10 Plaintiff GILES was admitted to the Gainesville VA for surgery to include a C3-C6 cervical laminectomy with C3-C6 posterior segmental mass instrumentation with posterior lateral local bone and infuse allograft bone fusion, C3-C4, C4-C5, C5-C6.

15. During the surgical procedure, the surgeons noted, "We elevated the bone off the dura, which was intact, stripped the bone of its soft tissues and morselized it in a bone mill and then on the right side of the spine in checking 1 of the torque levels of the C4 screw, the screwdriver slipped out of the screw head and inadvertently engaged the dura. There was no CSF leak. No apparent injury. The screw was definitely tightened."

16. The surgery was completed, and Plaintiff was discharged from the Operating Room.

17. At approximately 12:56, the PACU nurse noted severe right sided arm and leg weakness with poor sensation of both right arm and right leg within 30 minutes of arrival to the PACU.

18. An CT scan was performed which noted no hardware malposition, however, Plaintiff was noted to have a progression of hand grip weakness. A CT Myelogram showed equivocal results due to artifact from implants but could not rule out extrinsic compression.

19. At 17:42, Plaintiff GILES was returned to the Operating Room where the surgeons performed wound exploration.  It was noted with intraoperative ultrasound that the right side of the cord at the C3-C4 area had a right intraparenchymal hemi cord contusion which was considered to be the cause of his post-surgical deficits.

20. Following the surgery, Plaintiff GILES was admitted to the Surgical Intensive Care Unit.

21. During medical evaluation on May 2, 2019, it was noted that while lying down, Plaintiff GILES demonstrated good strength, however, he required a total assist for attainment and maintenance of stance with very poor ability to control lower extremity movements.

22. Plaintiff GILES underwent occupational therapy, where it was noted that he now required a total, maximum level of assistance with all activities of daily living.

23. Plaintiff GILES also underwent physical therapy, and it was noted that his lower extremity deficits remained prominent with very poor dynamic neuromuscular control and functional strength.  He continued to require total assist to attain stance for gait.

24. Plaintiff GILES was diagnosed with incomplete tetraplegia secondary to central cord injury following C3-C6 posterior cervical fusion and laminectomy and as a result and was subsequently transferred to Tampa VA Hospital for spinal cord injury inpatient (SCI) rehabilitation.

25. Plaintiff GILES was discharged from SCI rehabilitation to home with the assistance of his spouse and home health care aides on August 23, 2019.

26. Plaintiff GILES required home and vehicle modifications as a result of the injuries sustained during the surgery of May 1, 2019, as well as assistive apparatus to aid with mobility.

27. This Defendant owed Plaintiff GILES a duty to provide that level of care, skill, and treatment which, in light of all relevant surrounding circumstances, is recognized as acceptable and appropriate by reasonably prudent, similar health care providers, including, but not limited to, the following:

a. Performing spinal surgery in a safe manner so as not to cause further injury to a patient;

b. Maintaining control of instrumentation, including screw drivers, used during a spinal surgery so as not to cause further injury to a patient; and

c. Implementing safeguards to prevent causing further injury to the spinal cord during surgery.

28. Defendant breached that duty by the conduct of its physicians, Drs. Raymond Jacob and Ken Porsche in one or more of the following ways when they:

a. Negligently lost control of a screwdriver being used to tighten a screw at the C4 level; and

b. When they negligently allowed that screwdriver to impact the dura resulting in a right intraparenchymal hemi cord contusion and incomplete tetraplegia.

29. As a direct and proximate result of the aforesaid negligence of the Defendant, Plaintiff GILES suffered numerous problems, including additional surgery, extensive hospitalization and rehabilitation, significant and permanent neurological and physical deficits, pain and suffering, disability, disfigurement, loss of the capacity for the enjoyment of life, and loss of independence.

30. The injuries Plaintiff GILES suffered are permanent and continuing and he will suffer the losses in the future.

## CONSORTIUM CLAIM OF BRENDA GILES

Plaintiffs reallege and reincorporate the foregoing paragraphs and further state:

31. As a direct and proximate result of the negligence of the Defendant and the resulting injuries to her spouse, Plaintiff, BRENDA GILES, was caused to suffer an impairment of the services, companionship and consortium of her spouse, as well as personal and financial losses as a result of his extended hospitalization and in-patient rehabilitation, and ongoing need for supportive services, which losses are permanent and continuing and she will suffer such losses in the future.

WHEREFORE, the Plaintiffs, ROBERT GILES and BRENDA GILES, his wife, pray for judgment against the Defendant, UNITED STATES OF AMERICA, damages in an amount in excess of $75,000.00 together with costs and such other relief as this court deems just.

Respectfully submitted this 10th day of January 2022.

/s/ Vanessa L Brice
**VANESSA L. BRICE, Esq.**
Florida Bar No.: 0076434
**COLLING GILBERT WRIGHT & CARTER**
The Florida Firm
801 N. Orange Avenue
Suite 830
Orlando, FL 32801
Telephone:    (407) 712-7300
Telefax:       (407) 712-7301
Attorneys for Plaintiff
vbrice@thefloridafirm.com
certificateofservice@thefloridafirm.com
smcmillon@thefloridafirm.com